Samuel SOMMER, Plaintiff–Appellant,

v.

COUNTY OF SUFFOLK, District Attorney Thomas Spotta, ADA Grazia DiVincenzo, Andrew A. Crecca, Defendants–Appellees.

No. 07–2109–cv.

United States Court of Appeals, Second Circuit.

Jan. 13, 2009.

Samuel Sommer, Liberty, New York, pro se.

Christine Malafi (Arlene S. Zwilling on the brief), for defendants-appellees County of Suffolk, District Attorney Thomas Spotta, ADA Grazia DiVincenzo, Hauppauge, New York; Andrew M. Cuomo (Oren L. Zeve on the brief) for Andrew A. Crecca, New York, NY, for Defendants–Appellees.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges, and Hon. JOHN F. KEENAN,* District Judge.

### SUMMARY ORDER

Samuel Sommer appeals from the judgment of the district court granting the defendants' motions to dismiss Sommer's 42 U.S.C. § 1983 complaint. The defendants-appellees assert that the district court's judgment should be affirmed. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■■■ This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.

---

* The Honorable John F. Keenan, District Judge for the Southern District of New York, sitting by designation.

2002); *see also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Even construing Sommer's complaint liberally and accepting its factual allegations as true, an independent review shows that the district court properly dismissed Sommer's complaint because (1) qualified immunity shielded defendant-appellee DiVincenzo from suit, (2) Sommer failed to allege personal involvement on the part of defendant-appellee Spotta, (3) as to defendant-appellee County of Suffolk, Sommer failed to allege that any allegedly unconstitutional actions were part of a municipality-wide practice or custom; and (4) Judge Crecca was shielded from suit by the doctrine of absolute immunity. Moreover, as Judge Crecca argues on appeal, Sommer's suit against Judge Crecca in his official capacity is barred by the Eleventh Amendment. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Ying Jing Gan v. City of N.Y.,* 996 F.2d 522, 529 (2d Cir.1993).

As the district court observed, much litigation would have been obviated if Suffolk County had given appellant the autopsy report he seeks. We are not ordering, but suggesting, that the County do so.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.